47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Manuel OLIVAS-RIVERA Defendant-Appellant.
 No. 94-2072.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1995.
 
 1
 Before HENRY, Circuit Judge, SETH, Senior Circuit Judge, and KANE, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 This is an appeal following the conviction by a jury of Defendant Jesus Manuel Olivas-Rivera for knowingly and intentionally possessing with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(d).
 
 
 5
 The only issue on appeal on which Olivas-Rivera offered oral argument was whether the trial court erred in failing to hold an evidentiary hearing on allegations of juror misconduct. That decision of the trial court will be overturned only for an abuse of discretion. United States v. Bradshaw, 787 F.2d 1385, 1390-92 (10th Cir.1986).
 
 
 6
 Counsel for Olivas-Rivera conducted a post verdict interview with a juror who claimed that one of the jurors did not answer questions truthfully during voir dire, and the jurors disregarded the court's instructions during their deliberations. This information was brought to the attention of the trial court in a motion for new trial and request for an evidentiary hearing. The court denied this motion.
 
 
 7
 The motion was supported by a cursory two page affidavit of counsel for Olivas-Rivera. The affiant stated she had spoken to a juror, Colvin, who told her that an unidentified juror had been extremely angry that he had to sit through another case where the defense raised was that the person did not know that marijuana was in the car. The unnamed juror had sat on two previous trials with the same defense. Colvin also said one of the main reasons the jurors had convicted Olivas-Rivera was that, although they recognized he was not obliged to testify, his declination to do so weighed in their decision to convict him because there were too many open questions.
 
 
 8
 In United States v. Bradshaw, we held the trial court had acted within its discretion when it refused to grant a motion for an evidentiary hearing where the motion was supported by an affidavit of counsel "containing nothing more than double hearsay obtained from appellant's own brother." Id. at 1392. Here too, the trial court found that the two page affidavit of counsel containing double hearsay was insufficient to justify an evidentiary hearing. Moreover, the trial court held there was nothing in the affidavit from which to conclude the jurors had failed to answer material questions on voir dire. We agree.
 
 
 9
 We also agree with the trial court that Colvin's reported statement that the jury had disregarded the court's instruction not to draw any inference of any kind from Olivas-Rivera's decision not to testify falls within Fed.R.Evid. 606(b) which precludes a juror from testifying "as to any matter or statement occurring during the course of the jury's deliberations." See United States v. Voigt, 877 F.2d 1465, 1469 (10th Cir.), cert. denied, 493 U.S. 982 (1989). For these reasons, we conclude the trial court did not abuse its discretion in refusing to conduct an evidentiary hearing.
 
 
 10
 We find Olivas-Rivera's contentions on the remaining issues on appeal, which were not raised in oral argument, are also without merit.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470